UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

COREY JAMES LEBLANC                                           CIVIL ACTION

VERSUS                                                        NUMBER: 21-1784

LAFOURCHE PARISH, ET AL.                                      SECTION: "J"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Corey James Leblanc, against Defendants, the Parish of Lafourche, the Medical Department of the Lafourche Parish Criminal Complex ("LPCC"), the Centers for Disease Control and Prevention ("CDC"), and the Federal Emergency Management Agency ("FEMA"). (Rec. doc. 1, pp. 1, 4). Plaintiff, an inmate of LPCC, complains of the circumstances surrounding his possible exposure to and treatment for COVID-19 in July of this year. (*Id.* at pp. 4-5). Plaintiff faults the CDC and FEMA for not investigating the emergent situation that he faced. (*Id.*). Plaintiff seeks the placement of a new medical provider at LPCC, $2,000,000 in compensatory damages, and payment of the filing fee. (*Id.* at p. 6).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

At the outset, the Court will address the threshold issue of exhaustion of available prison administrative remedies. Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. That statute, which was enacted in 1996 as part of the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002) (citing *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Pre-filing exhaustion is mandatory, and the case <u>must</u> be dismissed if available administrative remedies were not exhausted." *Id.* (emphasis added). Although the exhaustion requirement is in the nature of an affirmative defense, "… a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (footnote omitted); *see also Moore v. Thaler*, 436 Fed. Appx. 311, 312 (5th Cir. 2011).

Just like the plaintiffs in *Naquin v. Larpenter*, No. 18-CV-14199, 2019 WL 3229358 (E.D. La. Jul. 17, 2019), *Jones v. Larpenter*, No. 13-CV-0056, 2013 WL 1947243 at *1 (E.D. La. Apr. 12, 2013), *adopted*, 2013 WL 1947188 (E.D. La. May 10, 2013), *Authement v. Terrebonne Parish Sheriff's Office*, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), and *Lathers v. Nelson Coleman Correctional Center*, No. 07-CV-2891, 2007 WL 1702780 at *3 (E.D. La. Jun. 11, 2007), Plaintiff admits on the face of his complaint, in answer to Question No. II(A) of the pre-printed §1983 complaint form, that LPCC has a prisoner grievance procedure in place at that facility. (Rec. doc. 1, p. 2). In answer to Question No. II(B) of the §1983 complaint form, Plaintiff checked the box indicating that he had not presented the facts alleged in his complaint to the prisoner grievance procedure. (*Id.*). He failed to answer Question No. II(C), which asked whether Plaintiff had exhausted or completed all steps in the procedure, including appeals, further affirming that he made no attempt whatsoever to use the grievance procedure available to him. (*Id.* at p. 3). In answer to Question No. II(D), which called for an explanation as to why he <u>did</u> <u>not</u> exhaust all steps in the grievance process, Plaintiff simply states that his ailment lasted for two weeks, and that "… [he] wrote medical request which I got no copies of." (*Id.*). Because Plaintiff himself confirms that he did not exhaust the remedies that were available to him through the LPCC grievance procedure prior to filing suit, his complaint should be dismissed with prejudice for the purpose of proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915. *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1133, 119 S.Ct. 1809 (1999); *Lathers*, 2007 WL 1702780 at *3. *See also Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001)).

Turning to the specific Defendants named by Plaintiff, the first-listed Defendant, the Parish of Lafourche, is a local governing body that is considered to be a "person" within the meaning of §1983. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-95, 98 S.Ct. 2018, 2037-38 (1978). However, a governmental body like Lafourche Parish may be held liable under §1983 only where the execution of an unconstitutional policy or custom proximately causes a plaintiff's injuries. *Id. Carter v. Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)( quoting *Parm v. Shumate*, 513 F.3d 135, 142 (5th Cir. 2007), *cert. denied*, 555 U.S. 813, 129 S.Ct. 42 (2008)). "'A plaintiff may not infer a policy merely because harm resulted from some interaction with a government entity.'" *Id.* (quoting *Colle v. Brazos County, Texas*, 982 F.2d 237, 245 (5th Cir. 1993)). Rather, the plaintiff "… must <u>identify</u> the policy or custom which allegedly caused the deprivation of his constitutional rights." *Id.* (citing *Murray v. Town of Mansura*, 76 Fed. Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed. Appx. 315, 316 (5th Cir. 2003)). As Plaintiff does not allege that the purported deprivation of his constitutional rights resulted from a policy or custom, much less identify any such policy or custom, any §1983 claim against Lafourche Parish should be dismissed as frivolous and for failure to state a claim under §1915(e)(2)(B)(i) and (ii). *Authement v. Parish of Terrebonne*, No. 09-CV-4618, 2010 WL 1930943 at *6 (E.D. La. Mar. 19, 2010), *adopted*, 2010 WL 1930938 (E.D. La. May 10, 2010).

A similar result obtains for the second Defendant identified by Plaintiff, the Lafourche Parish Medical Department. This is so because discrete departments of prison facilities are simply not considered to be "persons" under §1983. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10,

2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009).  In light of these authorities, it will be recommended that Plaintiff's §1983 claim against the Lafourche Parish Medical Department be dismissed with prejudice pursuant to §1915(e)(2)(B)(i) and (ii).

The remaining two Defendants, the CDC and FEMA, share a common characteristic and will thus be addressed together.  No §1983 action against those two Defendants lies here as they are federal agencies which operate under federal law and are not "persons" or state actors acting under color of state law.  *Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987); *Scott v. United States Veteran's Admin.*, 749 F. Supp. 133, 134 (W.D. La. 1990), *aff'd*, 929 F.2d 126 (5th Cir. 1991); *Emerson v. Louisiana*, No. 07-CV-0456, 2008 WL 294899 at *2 (M.D. La. Jan. 31, 2008)(FEMA).  There being no viable §1983 claims against these two Defendants, there are no appropriate juridical persons before the Court against whom judgment may properly be entered, thus justifying dismissal of this action.  *Howard*, 2011 WL 6130763 at *2-3; *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006).

In closing, some final observations are in order.  Above the caption on the first page of the §1983 complaint form that he submitted Plaintiff added the handwritten notations of "<u>Writ of Habeas Corpus</u>," and "<u>Writ of Mandamus</u>."  (Rec. doc. 1, p. 1).  As for the former notation, it would be inappropriate to construe this matter as a habeas petition as Plaintiff does not name as the Defendant/Respondent herein the individual who has custody of him, he makes no showing of having exhausted available state-court remedies, and his release from custody is not an available remedy under §1983.  As for Plaintiff's reference to mandamus, that species of relief is a "drastic and extraordinary" remedy "reserved for really extraordinary causes."  *Cheney v. Dist. Court for the Dist. Of Columbia*, 542 U.S. 367, 380, 124 S.Ct. 2576, 2586 (2004).  Such relief may be granted only when the mandamus petitioner is

able to establish that: 1) he is clearly entitled to the relief requested, 2) the respondent has a clear duty to act, and 3) no other adequate remedy is available. *In re Sessions*, 672 F.2d 564, 566 (5th Cir. 1982). Mandamus is not available to review discretionary acts of agency officials. *Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984). Finally, the federal mandamus statute, 28 U.S.C. §1361, pertains only to officers and employees of the United States or any agency thereof.

The guidance offered by the CDC and FEMA regarding COVID-19 is just that. As noted by the Fifth Circuit, the "… Eighth Amendment does not enact the CDC guidelines" and a prison's failure to comply with CDC guidelines "… does not clearly evince a wanton disregard for any serious medical needs." *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020)(internal quotation omitted); *see also Young v. Ledet*, No. 20-CV-2165, 2021 WL 799683 at *16 (E.D. La. Jan. 15, 2021), *adopted*, 2021 WL 795981 (E.D. La. Mar. 2, 2021). Mandamus is not available to review the discretionary acts of the CDC and FEMA respecting the pandemic.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[1/]

New Orleans, Louisiana, this  4th  day of          October         , 2021.

                                        MICHAEL B. NORTH
                                  UNITED STATES MAGISTRATE JUDGE

---

[1/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.