UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COREY JAMES LEBLANC | CIVIL ACTION |
| VERSUS | NO. 21-1784 |
| LAFOURCHE PARISH, ET AL. | SECTION "J" (5) |

## ORDER & REASONS

Before the Court is a complaint (Rec. Doc. 1) filed by Plaintiff; the Magistrate Judge's Report and Recommendation (Rec. Doc. 4); and an objection (Rec. Doc. 5) filed by Plaintiff. Having considered the complaint, the applicable law, the Magistrate Judge's Report and Recommendation, and Plaintiff's objection, the Court hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

## FACTS AND PROCEDURAL BACKGROUND

This case arises from Plaintiff's 42 U.S.C. § 1983 complaint filed *in forma pauperis* against Defendants: the Parish of Lafourche; the Medical Department of the Lafourche Parish Criminal Complex ("LPCC"); the Centers for Disease Control; and the Federal Emergency Management Agency. (Rec. Doc. 1). Plaintiff, an inmate of LPCC, alleges that the Defendants mishandled the circumstances surrounding his possible exposure to and treatment for COVID-19 in July of this year, and he seeks financial compensation, a new medical provider for LPCC, and fees. *Id.* at 4–5. The matter was referred to Magistrate Judge North for a report and recommendation.

## DISCUSSION

Under 42 U.S.C. §1997e(a), an inmate is required to exhaust available prison administrative remedies before bringing suit. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Clifford v. Gibbs*, 298 F.3d 328, 329 (5th Cir. 2002) (citing *Porter v. Nussle*, 534 U.S. 516 (2002)). Exhaustion must be proper and in full compliance with applicable prison procedural rules and deadlines; substantial compliance with administrative procedures is insufficient. *Guy v. LeBlanc*, No. 13-CV-2792 c/w 13-CV-5033, 2015 WL 65303 at *9 (E.D. La. Jan. 5, 2015) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Exhaustion of administrative remedies is essentially a condition precedent to bringing suit. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

After a review by Magistrate Judge North, Judge North recommends that Plaintiff's claims be dismissed with prejudice. (Rec. Doc. 4). Before entertaining the merits of Plaintiff's complaint, Judge North recommends that the complaint be dismissed for Plaintiff's failure to exhaust his administrative remedies. *Id.* at 2–3. Judge North relies upon Plaintiff's own admission in the complaint that (1) LPCC has a prisoner grievance procedure, and (2) Plaintiff did not present the facts relating to this complaint in the prisoner grievance procedure. *Id.* at 3; (Rec. Doc. 1, at 2). In opposition, Plaintiff contends that the Medical Department of LPCC is its own entity for which the prisoner grievance procedure does not apply. (Rec. Doc. 5, at 1).

Moreover, Plaintiff asserts that he was barred from entering grievances that were over thirty days old. *Id.* at 2.

First, the Medical Department of LPCC is not a separate entity from LPCC, itself, and Correct Health is simply a contractor providing services. Next, the grievance procedures for LPCC are outlined on the Louisiana Department of Public Safety & Corrections' ("DPS&C") website.

> People in prison are first encouraged to speak with . . . [and then] they are asked to **put their concerns in writing and submit the letter to appropriate staff**. Lastly, if these mechanisms do not answer their question or address their grievance, they may **submit the issue through the Administrative Remedy Procedure** (ARP).
> The Department and all local jails housing people in DPS&C custody have established Administrative Remedy Procedures (ARP) through which an imprisoned person may, in writing, request a formal review of a complaint related to any aspect of his/her incarceration. Such complaints include actions pertaining to conditions of confinement, personal injuries, medical malpractice, time computations, or challenges to rules, regulations, policies, or statutes.

*How does a person in prison file a grievance about an issue*, La. Dept. of Public Safety & Corrections, https://doc.louisiana.gov/imprisoned-person-programs-resources/offender-information/. Therefore, there is not a special or separate grievance procedure for medical grievances within LPCC. LPCC has a prison grievance procedure, which Plaintiff admitted that he was both aware of and failed to follow. Thus, Plaintiff has failed to exhaust his administrative remedies, which is a required prerequisite to any claim.

Finally, it is not this Court's place to extend or alter the rules LPCC had in place for exhausting their grievance procedure. *See Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[I]t is the

prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.")). Moreover, "[n]othing in the Prison Litigation Reform Act, however, prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). Therefore, Plaintiff's assertion that he was barred from entering grievances that were over thirty days old is without merit.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objection (Rec. Doc. 5) is **OVERRULED**, and the Magistrate Judge's Report and Recommendations (Rec. Doc. 4) are **APPROVED** and **ADOPTED** as the Court's opinion.

**IT IS FURTHER ORDERED** that Plaintiff Corey James LeBlanc's complaint is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 10th day of November, 2021.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE